Case 1:25-cr-00355-CLM-SGC   Document 1   Filed 06/17/25   Page 1 of 7            FILED
2025 Jun-18 PM 12:28
PFE/RSR: June 2025
BHM GJ #1
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | No. |
| ) | |
| BILLY MARK FREE,    ) | |
| ) | |
| Defendant.     ) | |

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

1. Northeast Alabama Postal Federal Credit Union ("NEALPFCU") is a credit union headquartered in Anniston, Alabama, within the Northern District of Alabama. NEALPFCU has more than $15 million in assets, and its membership includes more than 1,100 postal employees in Calhoun, Cleburne, Clay, Randolph, and Talladega counties.

2. **BILLY MARK FREE ("FREE")** is an adult resident of the state of Alabama. On or about April 1, 2023, **FREE** was hired to be the temporary CEO of NEALPFCU. On or about May 8, 2023, he became the permanent CEO of NEALPFCU. In September 2023, **FREE** was suspended and then fired from NEALPFCU.

1

## COUNTS ONE through TWELVE
## Wire Fraud
## [18 U.S.C. § 1343]

3. The factual allegations in paragraphs 1-2 of this Indictment are re-alleged as though fully set forth herein.

4. From on or about April 21, 2023, through on or about September 15, 2023, in Calhoun County, and elsewhere, within the Northern District of Alabama, the defendant,

**BILLY MARK FREE**,

knowingly devised and intended to devise a scheme and artifice to defraud NEALPFCU, and to obtain money and property from NEALPFCU by means of materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

5. It was part of the scheme that **FREE** would alter payroll records to pay himself unauthorized reimbursement and bonus payments. Additionally, **FREE** altered payroll records to give himself an unauthorized pay raise.

6. It was further part of the scheme that **FREE** would write unauthorized checks to himself or for his benefit from a NEALPFCU account at Corporate America Credit Union.

7. It was further part of the scheme that **FREE** would conceal the unauthorized Corporate America checks from discovery by inserting a false description of the purpose for the check into the check register.

8. It was further part of the scheme that **FREE** would use the NEALPFCU account at Corporate America Credit Union to make an ACH payment to Upgrade, Inc. to pay off a personal loan he had.

9. It was further part of the scheme that **FREE** would write unauthorized checks to himself or for his benefit from a NEALPFCU account at NobleBank.

10. It was further part of the scheme that **FREE** would write checks made payable to Cash from a NEALPFCU account at NobleBank. Rather than use this cash to refill teller drawers or otherwise benefit NEALPFCU, **FREE** would take the money for himself.

11. For these checks drawn on the NEALPFCU account at NobleBank, it was further part of the scheme that **FREE** would obtain the signature of another NEALPFCU employee on the signature line of the check prior to depositing the check or cashing the check.

12. It was further part of the scheme that some of these unauthorized NobleBank checks would be coded with terms such as "compensation," "web domain," or "employee benefits" to make it appear that the transaction was legitimate and authorized.

13. It was further part of the scheme that **FREE** would use a NEALPFCU debit card to make unauthorized, personal purchases of items from online retailers such as Amazon and eBay.

14. It was further part of the scheme that **FREE** would use these various methods to fraudulently take a total of approximately $400,000 from NEALPFCU without authorization.

## The Wire Communications

15. On or about each of the dates listed below, in Calhoun County, within the Northern District of Alabama, and elsewhere, the defendant,

**BILLY MARK FREE**,

for the purpose of executing the above-described scheme and artifice, did transmit and cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and communications described below for each count, each transmission constituting a separate count:

| Count | Approximate Date of Transaction | Description of Wire |
|---|---|---|
| 1 | May 12, 2023 | Check made payable to Mark Free in the amount of $5,000.00 drawn on a NEALPFCU bank account at Corporate America Credit Union ending in -6688 and deposited into a personal bank account controlled by **FREE** |
| 2 | June 8, 2023 | Check made payable to Mark Free in the amount of $9,656.56 drawn on a NEALPFCU bank account at Corporate America Credit Union ending in -6688 and deposited into a personal bank account controlled by **FREE** |

| 3 | June 20, 2023 | Check made payable to Mark Free in the amount of $10,158.97 drawn on a NEALPFCU bank account at Corporate America Credit Union ending in -6688 and deposited into a personal bank account controlled by **FREE** |
| --- | --- | --- |
| 4 | June 27, 2023 | Check made payable to GMENA in the amount of $13,692.19 drawn on a NEALPFCU bank account at Corporate America Credit Union ending in -6688 and deposited into a bank account at Synovus |
| 5 | June 30, 2023 | ACH payment in the amount of $4,001.66 from a NEALPFCU bank account at Corporate America Credit Union ending in -6688 to Upgrade, Inc. to pay off a loan held by **FREE** |
| 6 | September 8, 2023 | Check made payable to Mark Free in the amount of $7,500.00 drawn on a NEALPFCU bank account at Corporate America Credit Union ending in -6688 and deposited into a personal bank account controlled by **FREE** |
| 7 | August 24, 2023 | Check made payable to Mark Free in the amount of $2,500.00 drawn on a NEALPFCU account at NobleBank & Trust ending in -5570 and deposited into a personal bank account controlled by **FREE** |
| 8 | August 31, 2023 | Check made payable to Mark Free in the amount of $1,000.00 drawn on a NEALPFCU account at NobleBank & Trust ending in -5570 and deposited into a personal bank account controlled by **FREE** |
| 9 | September 11, 2023 | Check made payable to Mark Free in the amount of $2,500.00 drawn on a NEALPFCU account at NobleBank & Trust ending in -5570 and deposited into a personal bank account controlled by **FREE** |
| 10 | September 11, 2023 | Check made payable to Mark Free in the amount of $1,030.00 drawn on a NEALPFCU account at NobleBank & Trust ending in -5570 and deposited into a personal bank account controlled by **FREE** |

| 11 | May 21, 2023 | Online purchase from Amazon of a Fendi Men's Wallet for $571.99 |
| 12 | June 18, 2023 | Online purchase from eBay of a Vintage ROLEX Cellini watch for $2,700.00 |

All in violation of Title 18, United States Code, Section 1343.

### NOTICE OF FORFEITURE
### [18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c)]

1. The allegations contained in Counts One through Twelve of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One through Twelve of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).


A TRUE BILL

*/s/ Electronic Signature*
FOREPERSON OF THE GRAND JURY


PRIM F. ESCALONA
United States Attorney


*/s/ Electronic Signature*
RYAN S. RUMMAGE
Assistant United States Attorney